### WILLIAM M. BONWILL *vs.* SAMUEL DICKSON.

The court will not permit a party to demur after issue joined and jury sworn.
Affirmative pleadings do not always give the right to conclude; this depends on the *onus probandi* and is in the discretion of the court.

TRESPASS, assault and battery. Plea, justification. The plea of non cul. had also been put in; but before trial deft's. counsel asked and obtained of the court leave to withdraw it. The plff's. counsel, though in court when the motion was made, were not apprised of the plea being withdrawn until after the jury was sworn. They then wished to demur, but the court would not permit them as they had suffered the jury to be sworn without objection.

The defendant offered no evidence of justification but merely in mitigation of damages.

A question then arose as to the order of addressing the jury, the deft. claiming the right to conclude as his only plea was affirmative.

*Per curiam;* The question is one upon which the court in their discretion pass, and it depends more upon the state of the proof than of the pleadings. Affirmative pleadings usually impose the onus probandi but not always. In this case the deft. has offered no evidence whatever to sustain his plea of justification; but only in mitigation of damages. It is not the case of a contrariety of testimony on the point; but of no testimony. The plea of justification, therefore, without any effort to support it, does not give the deft. the reply. It is essential to enable the jury to give a verdict that the plff. shall proceed to show his damages. He therefore is entitled to the reply. *Roscoe Ev.* 132; 2 *Stark. Rep.* 487; 14 *Com. Law Rep.* 176; *Stark. Ev. Ch.* 3. *p.* 384-5; 3 *Campb.* 366. Chandler et al. *vs.* Ferris, post

The plaintiff had a verdict.

*Clayton* and *Bates,* for plff.
*Ridgely,* for deft.